**ALTEN et, Plaintiffs, v. BARNECUT et, Defendants.**

Common Pleas Court, Fairfield County.

No. 29246.   Decided May 9, 1958.

Abram Cunix, Lancaster, for plaintiffs.
Hite & Hite, Thornville, H. Wilferd Keller, Baltimore, for defendant,
Helen Lucille Parrish.

Judson C. Kistler, Lancaster, for defendants Richard E. Barnecut, Paul Barnecut, Gertrude Colley and Mary Jane Craig.

(HOLTSBERRY, J, of the Licking County Common Pleas Court, sitting by special designation in the Fairfield County Common Pleas Court.)

## OPINION

By HOLTSBERRY, J.

Paul W. Alten died testate on November 10, 1957, and his wife, Edna T. Alten, died testate, 20 days later, on November 30, 1957. There was no issue of said marriage. Both wills have been admitted to probate.

Said last will and testament of Edna T. Alten was made and executed 12 days subsequent to the death of her said husband.

The will of Paul W. Alten provided for payment of just debts and funeral expenses, the payment of several small bequests, and the rest and residue was given, devised and bequeathed to his wife, Edna T. Alten, absolutely and in fee simple.

The defendants, Richard Barnecut, Paul Barnecut, Gertrude Colley and Mary Jane Craig, are the surviving brothers and sisters of said Edna T Alten, and are the sole legatees and devisees named in her will. The defendants Anna McClelland, Robert E. Alten and Lucille Parrish, are the children of one Columbus C. Alten, who predeceased his brother, Paul W. Alten, and the plaintiffs herein, Joseph T. Alten and Mary Josephine Russell, are the surviving brother and sister of said decedent, Paul W. Alten.

This action is for declaratory judgment to determine heirship in the estate of Paul W. Alten, by reason of his surviving spouse having died within a period of 30 days after the death of said Paul W. Alten.

Contrary contentions are presented to the Court by counsel regarding the distribution of the residuary estate of Paul W. Alten, under Item 5 of his will as affected by the provision of §2105.21 R. C. Effective as of October 16, 1953, §2105.21 R. C., was amended to read as follows:

"When there is no evidence of the order in which the death of two or more persons occured, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the others. When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. A beneficiary of a testamentary trust shall not be deemed to be a legatee or devisee within the meaning of this section. This section shall prevail over the right of election of a surviving spouse.

"This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. In such case such provision of the will shall not prevail over the right of election of a surviving spouse."

Since the last revision of this section, two Ohio Appellate Courts have been concerned with, and have discussed its construction and interpretation; Weir, Exex., v. Weir, 102 Oh Ap 231, and Barrick v. Fligle, 103 Oh Ap 511.

Counsel for certain defendants contend that these cases are not decisive of the instant problem in that the circumstancs herein are distinguished. He points out that in the appellate decisions, supra, neither had the existing fact that the survivor made a will within the 30 day period after death of decedent. Further, it is argued that the instant case is controlled by the part of §2105.21 R. C., added on October 16, 1953:

"This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provision of this section. . . ."

True the amendment uses the word "wills," but this Court rejects the contention that we must consider the will of Edna T. Alten as well as the will of Paul W. Alten which would provide distribution different from the provisions of §2105.21 R. C.

The Legislature intended reference to wills of the first deceased and not to wills by another executed within the following 30 days.

Section 1.10, subsection (c) states that: "Words in the plural number include the singular number, and words in the singular number include the plural number."

To hold the statute had reference to any will other than that of the original testator would be contrary to the Legislative intent, and thus defeat the purpose of the statute. A contrary construction would permit the surviving spouse to usurp the power of the deceased spouse by exercising authority over property not actually inherited until the expiration of the 30 day statutory period.

Sec. 2105.21 R. C., defines the right of inheritance to property to those who die within the 30 day period, and under the circumstances therein described. It was the obvious purpose of the Legislature in the enactment of this section to prevent inheritance by surviving spouse when such surviving spouse, having died within 30 days, could have no need or use of it, and thus permit both her estate and that of the first decedent to pass to her heirs.

The present statute amends former §10503-18 GC, which early enactment was held to be a valid and constitutional act in the case of Ostrander, Admr., v. Preece, Admr., 129 Oh St 625.

The purpose of this "succession statute," is to provide that, if, any of those named therein die within the 30 day time limit, the property of that person who has died first shall "pass and descend," as though the person who died first died intestate, unless there is an exemption as to the effect of this statute contained in the will. Barrick v. Fligle, et al, 103 Oh Ap 507. (A motion to certify the Barrick Case was overruled by the Ohio Supreme Court, April 17, 1957.)

There is no provision in the will of Paul W. Alten for distribution of property different from the provision of §2105.21 R. C. The use of the words "absolutely and in fee simple," in themselves do not adequately

manifest a clear indication, and are not sufficient definite language of intention or desire on the part of Paul W. Alten for distribution of property different from that provided for by the statute and the later will of his surviving spouse could not act as a substitute for providing such.

It is the opinion of this Court that the surviving spouse, Edna T Alten, having died within the 30 day period provided by the statute, must be considered as not having inherited any of her husband's estate, and the estate of first decedent, Paul W. Alten, shall pass and descend as though he had survived such surviving spouse. Property given to the surviving spouse must then be considered intestate property of first decedent and to be distributed in accordance with law as to his heirs at law.